GELABERT HERMANOS *v.* CÓRDOVA, DISTRICT JUDGE.

APPLICATION for a writ of *certiorari.*

No. 83.—Decided December 22, 1911.

JUDGMENT—APPEAL FROM MUNICIPAL COURTS—DISMISSAL OF APPEAL.—When an appeal is taken to the district court from a judgment rendered by a mu-

nicipal court and the same is perfected and a day is set for the hearing of the new trial in the district court, the judgment of the municipal court loses all force and effect by operation of law and is not susceptible of being reversed, modified, or affirmed, inasmuch as the new trial must be terminated by a new judgment.

ID.—NONAPPEARANCE OF DEFENDANT AND APPELLANT—DISMISSAL OF APPEAL.— The provisions of law and the judicial rules affecting the trial of original suits brought in the district courts govern the trial of cases heard on appeal from the municipal courts, and therefore the nonappearance of the defendant and appellant is no ground for the dismissal of the appeal and affirmance of the judgment appealed from. The trial should be held notwithstanding the absence of the defendant.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for petitioner.

*Mr. Adrián Agosto* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a suit brought in the Municipal Court for the municipal judicial district of San Juan by Kunhardt & Co. against the Latin-American Lighting Company, composed of A. J. de Arrastia & Co., Gelabert Hermanos and W. H. Pinckney, for the collection of $231.86 with interest and costs, said court entered a judgment on February 16 of the present year, from which the defendant, Gelabert Hermanos, appealed to the District Court for the judicial district of San Juan. The case was called for trial on October 19 last, and, as the defendant and appellant did not appear, the aforesaid district court, on motion of the plaintiff and appellee, declared the appeal to have been abandoned and adjudged costs against the appellant.

Counsel for Gelabert Hermanos filed a motion for a reconsideration of said order, and the same was overruled by an order of November 4 last past.

Against this procedure of the District Court of San Juan counsel for Gelabert Hermanos have applied to this court for a writ of *certiorari* requesting that the aforesaid order of October 19 be annulled, and alleging as a ground that the act to regulate appeals from judgments of municipal

courts in civil cases, approved March 11, 1908, had been violated.

The writ of *certiorari* was issued and the hearing took place, counsel for the petitioner and for the plaintiff and appellee, Kunhardt & Co., being present.

Let us examine the act alleged to have been violated.

Section 3 of said act regulating appeals from judgments of municipal courts in civil cases provides as follows:

"The District Court shall place the cause on the calendar of civil actions to be heard in due course according to the provisions of law and judicial rules controlling such calendar. When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial *de novo,* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts. If the plaintiff fails to appear before the district court, the district court shall dismiss the action for want of prosecution and shall enter judgment for defendant with costs."

As may be seen, in order to review and consider on the motion of appellant any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved the law requires his appearance, whether he is the plaintiff or the defendant, and such questions having been determined, or after the complaint or the answer is amended, should such amendment be permitted, the case on appeal must be prosecuted *de novo.*

The said act provides expressly that if the plaintiff fails to appear before the district court the complaint shall be dismissed and a judgment rendered in favor of the defendant, and said provision, considering the general terms

thereof, includes the plaintiff whether he is the appellant or the appellee.

Nothing is provided expressly by the act for a case like the one at bar where the appellant is the defendant and has failed to appear before the District Court of San Juan. But inasmuch as said act provides that all provisions and judicial regulations affecting the hearing of original suits brought before the district court shall govern, it is reasonable to conclude that the same as should be done in original suits when the defendant fails to appear at the trial is what should be done when the defendant, whether he is the appellant or ap-. pellee, does not appear at the trial in cases of appeal.

In suits tried originally in the district courts, once the complaint is answered, the case is tried on the appearance of the plaintiff only, there being no necessity for the defendant to appear, and it is incumbent upon the plaintiff to prove the facts constituting his action. The defendant may abstain from introducing evidence and accept the result of that of the plaintiff. This being so and applying these precepts of procedure to this case, the District Court of San Juan, before which the plaintiff and respondent appeared, should have held a new trial, the nonappearance of the appellant and defendant being no legal bar thereto and even less to a decision that the appeal was abandoned.

The judgment of the municipal court having been appealed from to the district court, the appeal having been perfected and a day set for the hearing of the new trial in the appellate court, the judgment of the municipal court loses all force and effect by operation of law. It could not be reversed, modified or affirmed inasmuch as the new trial must be terminated by a new judgment. The mere dismissal of the appeal could not leave in effect a judgment which already had lost its legal force.

In cases tried *de novo* in the district courts by virtue of an appeal taken from judgments rendered by municipal courts there is, properly, neither appellant nor appellee but only

plaintiff and defendant, and, therefore, it is of no avail to invoke as applicable those provisions which regulate appeals to be decided upon the same merits which served as a basis for the judgment appealed from.

Gelabert Hermanos are interested parties in the trial to which this appeal relates, and their attorney has sworn to the petition for a writ of *certiorari* because the facts upon which it is based are known to him personally in his character of counsel for the petitioner.

For the reasons aforesaid the decision rendered by the District Court of San Juan on October 19 last, which declares the appeal taken by Gelabert Hermanos from the judgment rendered in the municipal court to have been abandoned, should be annulled and the records returned to said district court with instructions to proceed in accordance with the principles set forth in this opinion or in a manner not in conflict therewith.

*Petition granted.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.